**Michael Fuller, OSB No. 09357**
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SARAH GOULD**, individually and on behalf of all similarly situated consumers, | Case No. 3:18-cv-1 |
| | **CLASS ACTION ALLEGATION COMPLAINT** |
| Plaintiff, | |
| | 15 U.S.C. § 1681 et seq. |
| v. | Fair Credit Reporting Act |
| **EQUIFAX INFORMATION SERVICES LLC** and **TRIDENT ASSET MANAGEMENT, LLC**, | Demand for Jury Trial |
| Defendants. | |

1.

# INTRODUCTION

The credit reporting rules prohibit agencies like Equifax from reporting an account as "open" after bankruptcy, if in reality the account is actually "closed" after bankruptcy. This rule is important because open accounts after bankruptcy can make it harder for people to rebuild their credit.

**Collections**

| Agency | Original Creditor | Open Date | Status | Balance |
|---|---|---|---|---|
| TRIDENT ASSET MANAGEMENT, LLC | | Aug 01, 2011 | Open | -- |

| Account Details | | See something wrong? |
|---|---|---|
| Last Reported | Nov 26, 2014 | You could dispute an error with Equifax. |
| Collection Agency | TRIDENT ASSET MANAGEMENT, LLC | |
| Original Creditor | -- | |
| Status | Open | |
| Opened Date | Aug 01, 2011 | |
| Closed Date | -- | |
| Responsibility | Individual Account. | |
| Balance | -- | |
| High Balance | -- | |
| Remarks | Bankruptcy chapter 7 Bankruptcy discharged Consumer disputes - reinvestigation in progress | |

For the past two years, Equifax falsely reported an account on Mrs. Gould's credit report as "open" after bankruptcy, even though the account was actually "closed" and discharged after bankruptcy.

**CLASS ACTION ALLEGATION COMPLAINT** – Page 2 of 14

As shown in the chart below, credit scores usually go up after bankruptcy. But as a result of Equifax's false reporting, Mrs. Gould was denied credit that she otherwise would have been eligible to receive. At trial, evidence will show Equifax has a pattern and practice of falsely reporting "closed" accounts as "open" accounts – unfairly limiting the financial fresh starts of tens of thousands of people after bankruptcy.



After making several unsuccessful disputes with Equifax on her own, Mrs. Gould now files this class action on behalf of herself, and for tens of thousands of other people who also suffered harm because Equifax falsely reported "closed" accounts as "open" after bankruptcy.

**CLASS ACTION ALLEGATION COMPLAINT** – Page 3 of 14

2.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681p is a federal consumer protection law.

3.

Plaintiff Sarah Gould is an individual person and a "consumer" as defined by the FCRA at 15 U.S.C. § 1681a(c).

4.

Defendant Equifax Information Services, LLC (Equifax) is a consumer reporting agency as defined by the FCRA at 15 U.S.C. § 1681a(f).

5.

Defendant Trident Asset Management, LLC (Trident) is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

6.

Venue is proper under 28 U.S.C. § 1391 because plaintiff resided in the Portland, Oregon area when defendants furnished and reported false credit information about her.

7.

## FACTUAL ALLEGATIONS

This national class action complaint's allegations are based on personal knowledge as to plaintiff's behavior, and made on information and belief as to the acts of others. On November 7, 2014, plaintiff filed for consumer bankruptcy protection under Chapter 7 of Title 11 in the United States Bankruptcy Court for the District of Oregon in case number 14−36205−rld7.

8.

On February 10, 2015, the United States Bankruptcy Court for the District of Oregon entered a "no asset" order discharging all plaintiff's general unsecured debts and accounts, including her debt and account with Trident.

9.

At all times material, plaintiff's Trident account was closed after bankruptcy and plaintiff incurred no new debt to Trident after bankruptcy and plaintiff had no activity on her closed account with Trident after bankruptcy. Closed accounts discharged through bankruptcy must be reported as a zero balance, closed, and discharged in bankruptcy. If a discharged, closed account is being reported as open, then the reporting is inaccurate and harmful to a consumer's credit, in violation of the FCRA.

**CLASS ACTION ALLEGATION COMPLAINT** – Page 5 of 14

10.

Throughout 2016 and 2017, Equifax prepared and issued consumer credit reports concerning plaintiff that included inaccurate information, including reporting plaintiff's alleged debt and account with Trident as open. Plaintiff notified Equifax on several occasions that she disputed the accuracy of the information but Equifax continued to report inaccurate information. Equifax notified Trident of plaintiff's disputes of the Trident debt and account. Trident knew the reporting on plaintiff's account was inaccurate but did not tell Equifax to correct all the inaccurate reporting.

11.

## CLASS ACTION ALLEGATIONS

Upon information and belief, Trident and Equifax systematically furnish and falsely report that closed accounts are open after bankruptcy, causing credit harm to thousands of consumers across the country. Plaintiff initially defines the putative classes as follows:

12.

The national Equifax class consists of consumers in all 50 states who:

**A.** received a discharge of a closed credit account under Title 11 of the United States Code, then

**B.** had a closed account falsely reported as an open account by Equifax, then

**C.** unsuccessfully disputed the false reporting with Equifax,

**D.** resulting in Equifax's continued false reporting of a closed account as an open account, in violation of the FCRA, and who

  **I.** discovered the violation within two years prior to the filing of this complaint, or who

  **II.** did not discover a violation that occurred within five years prior to the filing of this complaint, which ever happened earlier.

13.

The national Trident subclass consists of consumers in all 50 states who:

**A.** received a discharge of a closed credit account with Trident under Title 11 of the United States Code, then

**B.** had a closed account with Trident falsely reported as an open account by Equifax, then

**C.** unsuccessfully disputed the false reporting with Equifax, who then transmitted the dispute to Trident,

**D.** resulting in Equifax's continued false reporting of a closed Trident account as an open Trident account, in violation of the FCRA, and who

  **I.** discovered the violation within two years prior to the filing of this complaint, or who

  **II.** did not discover a violation that occurred within five years prior to the filing of this complaint, which ever happened earlier.

14.

Excluded from the class are all attorneys for the class, officers and directors of Equifax and Trident, including officers and directors of any entity with an ownership interest in Equifax and Trident, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

15.

The class is so numerous that joinder is impracticable. The size of the class is likely in the thousands based on the number of consumers who file bankruptcy and later dispute closed accounts reported as open accounts by defendants, and will be determined based on defendants' dispute records and ACDV data, and from claims forms from consumers.

16.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether the FCRA permits defendants to report closed accounts as open after bankruptcy, whether plaintiff and class members are entitled to maximum statutory damages, whether an injunction to prevent future harm is appropriate, and whether defendants acted willfully.

17.

Plaintiff's claim is typical of the claims of the class because each suffered credit harm as a result of defendants' false reporting of closed accounts as open after bankruptcy, the injuries suffered by plaintiff and the class members differ only in the type of credit harm suffered, and plaintiff's claim for relief is based upon the same legal theory as are the claims of the class members.

18.

Plaintiff will fairly and adequately protect and represent the interests of the class because her claim is typical of the claims of the class, she is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

19.

A class action is superior to other available methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include consumers suffering the same injury under the same theory of liability has been commenced, individual class members have little interest in

controlling the litigation, due to the high cost of individual actions, the relatively small amounts of damages suffered, and because plaintiff and her attorneys will vigorously pursue the claims. The forum is desirable because plaintiff resided in the Portland, Oregon area when defendants began reporting false information on her credit reports. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small monetary damages, as a result of the same conduct by defendants. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. Injunctive relief may prevent further ongoing harm to consumers, and the availability of defendants' dispute records and ACDV data will facilitate proof of class claims, processing class claims, and distributions of any recoveries. To the extent aggrieved consumers cannot be located, their monies may be distributed through a cy pres process.

20.

## CLASS CLAIMS FOR RELIEF

### Claim One Against Equifax

### Willful Noncompliance with the FCRA

As alleged in this complaint, Equifax willfully failed to comply with the requirements of the FCRA. As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff and the class members have suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with normal and usual activities. As a result, plaintiff and the class members are entitled to maximum statutory damages. Equifax's violation of the FCRA as alleged in this complaint constituted a wanton, outrageous and oppressive violation of consumers' rights under federal law, and plaintiff and the class members are entitled to punitive damages.

21.

Plaintiff requests reimbursement for attorney fees under 15 U.S.C. § 1681n(a).

22.

**Claim Two against Trident**

**Willful Noncompliance with the FCRA**

As alleged in this complaint, Trident willfully failed to comply with the requirements of the FCRA. As a result of Trident's failure to comply with the requirements of the FCRA, plaintiff and the class members have suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, emotional distress and interference with normal and usual activities. As a result, plaintiff and the class members are entitled to maximum statutory damages. Trident's violation of the FCRA as alleged in this complaint constituted a wanton, outrageous and oppressive violation of consumers' rights under federal law, and plaintiff and the class members are entitled to punitive damages.

23.

Plaintiff requests reimbursement for attorney fees under 15 U.S.C. § 1681n(a).

24.

**JURY TRIAL DEMAND**

Plaintiff and the putative class members are entitled to and so respectfully demand a trial by jury.

## PRAYER FOR RELIEF

After a determination that defendants willfully violated the FCRA, plaintiff and the putative class request money judgment against each defendant for maximum statutory damages, proportional punitive damages, fees and costs.

Plaintiff also seeks an order certifying this lawsuit as a class action and any equitable relief this Court may determine is just and proper. She may intend to amend this complaint to include additional defendants and additional claims as information is learned in discovery.

January 1, 2018

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570